UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SEAN GRISS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-CV-241-REW |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Federal inmate Sean Griss has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971). *See* DE 1 (Complaint). The Court has granted his motion to proceed *in forma pauperis* in a separate Order.

The Court must screen the complaint prior to service of process. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of a plaintiff's complaint, the Court affords a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing the legal claims in the plaintiff's favor. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In December 2025, Griss filed a *Bivens* complaint in this Court alleging that in November 2023, he was stabbed by members of a rival gang after several prison officials housed him in the same unit as his rivals, despite the officials' actual knowledge of his gang affiliations. Griss asserted violation of his rights under the Eighth Amendment. *See Griss v. Federal Bureau of Prisons, et al.*, No. 6:26-CV-206 (E.D. Ky. 2025), DE 1 therein (Complaint) at 2–5. Upon initial

screening in March 2026, the Court dismissed the *Bivens* claims as incognizable. *See* DE 16 therein (Order) at 2. However, the Court construed Griss's complaint as asserting a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. *See id*. at 2–3. In June 2026, the Court dismissed the FTCA claim without prejudice because Griss had asserted it before fully exhausting his administrative remedies. *See* DE 24 therein (Opinion & Order) at 2–3. The corresponding Judgment entered the same day dismissed the FTCA claim without prejudice; it did not expressly mention the previous with-prejudice dismissal of the *Bivens* claims. *See* DE 25 therein (Judgment).[1]

Griss's complaint in this case re-asserts his *Bivens* claims against the exact same set of named defendants. *See* DE 1 at 1–2. He again alleges that in November 2023, SIS Technician Lemon placed answers that he knew to be wrong on an intake form and assigned Griss to the general population where rival gang members were housed. *See id*. at 3. He also again alleges that officer Estille McFarland allowed two members of the rival gang to bypass metal detectors and that they then proceeded to assault him with metal knives causing serious injury. *See id*. at 4. Griss also names the Federal Bureau of Prisons, "USP McCreary," and Warden Gilley as defendants, *see id.* at 2, but he makes no allegations against them. Griss acknowledges in his complaint he filed suit regarding these same facts before, referencing his earlier case in this Court. *See id*. at 8. He seeks damages and immediate release. *See id*. at 9.

Under the doctrine of *res judicata*, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Lawlor v. Nat'l Screen Serv. Corp.*, 75 S. Ct. 865, 867 (1955). In simple terms, if a plaintiff asserts a claim in

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record," *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

court and loses, he or she may not assert it a second time as Griss has done here. Application of that straightforward rule is complicated in this case because the previous Order dismissing only the *Bivens* claims with prejudice was not a final judgment, and the final judgment that was subsequently entered did not reference Griss's *Bivens* claims in any manner.

Regardless, Griss's claims fail as a matter of law. As the Court previously held, *Bivens* claims are only permitted in three specific contexts, *see Goldey v. Fields*, 145 S. Ct. 2613, 2614 (2025), and Griss's failure-to-protect claim is not among them, *see Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *3 (6th Cir. Sept. 13, 2022) ("[F]ailure to protect claims are not cognizable under *Bivens*."). His claims are therefore incognizable under *Bivens*.

Griss's claims are also barred by the applicable one-year statute of limitations. *See Mitchell v. Chapman*, 343 F.3d 822, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). His claims accrued immediately in November 2023 when he was both attacked and actually aware of the officers' alleged actions leading to the attack. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015); *see also Watt v. City of N.Y.*, 740 F. Supp. 3d 212, 227 (E.D.N.Y. 2024). The limitations period was arguably tolled between August and December 2024, the period in which Griss indicated in his original complaint that he was exhausting his administrative remedies. *See* DE 1 therein at 4; *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But the limitations period was running both before he commenced the grievance process and after he completed it. *Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232, 2006 WL 1635668, at *25 (E.D. Ky. June 9, 2006), *aff'd in part and remanded in part*, 257 F. App'x 897 (6th Cir. 2007); *see also Gonzalez v. Hasty*, 651 F.3d 318, 322 n.2, 324 (2d Cir. 2011) ("[T]he applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when

Gonzalez began the administrative remedy process."). Because nearly nine full months of the limitations period had run before Griss filed his first grievance, the limitations period expired within three months after the grievance process concluded. Griss states that the BOP ignored or rejected all of his grievances and appeals. *See* DE 1 at 5. Under the BOP's deemed-denial provision, *see* 28 C.F.R. § 542.18, his appeal to the BOP's Central Office became final sixty days after it was received in approximately mid-January 2025. The statute of limitations on his *Bivens* claims therefore expired by mid-April 2025, seven months before he filed his first suit and considerably more than a year before he filed this one. His complaint is therefore time barred.

For each of these reasons, the Court will dismiss the complaint with prejudice.

Accordingly, the Court ORDERS as follows:

1. The Court DISMISSES DE 1 with prejudice.

2. The Court STRIKES this matter from the docket.

This the 24th day of August, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**